IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VON VERA CRUZ, | § | |
| No 03052183, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:04-CV-0486-AH |
| | § | |
| DR. JAMES HOLBROOK, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the written consents of the parties to proceed before a United States Magistrate Judge and the District Court's Transfer Order filed on January 25, 2005 in accordance with the provisions of 28 U.S.C. § 636(c), came on to be considered Defendant Dr. James Holbrook ("Dr. Holbrook")'s motion for summary judgment in Plaintiff Von Vera Cruz ("Vera Cruz")'s action brought under 42 U.S.C. § 1983.[1]

I. Factual Background

Plaintiff brought suit against Defendant alleging that Dr. Holbrook violated his Eighth Amendment right to be free from cruel and unusual punishment by displaying deliberate indifference to Vera Cruz's serious medical needs. In short, he contends that while confined as a pre-trial detainee at the Dallas County Jail on October 24, 2003 he fell and fractured his shoulder and elbow and injured his back and that Dr. Holbrook failed to provide medical care for his injuries. (*See also* Findings, Conclusions and

---

[1]Previously on June 24, 2004, the District Court adopted the Magistrate Judge's findings and recommendation filed on June 15, 2004, dismissing Plaintiff's claims against Sheriff Jim Bowles, Dr. K. Flanlin, and the Dallas County Sheriff Department with prejudice. The case was transferred to the Magistrate Judge after Plaintiff and the remaining Defendant, Dr. James Holbrook, consented to the Magistrate Judge's jurisdiction pursuant to 28 U.S.C. § 636(c).

1

Recommendation of the United States Magistrate Judge filed July 15, 2004).  Plaintiff has exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(e).  (*See* Attachs. to Ans. to Magistrate J.'s Questionnaire to Pl. filed April 19, 2004).

## II. Summary Judgment – Standard of Review

To prevail on a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10 (1986).  The materiality of facts is determined by substantive law.  *Anderson v. Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510.  An issue is "material" if it involves a fact that might affect the outcome of the suit under governing law.  *See Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994)(citing *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510).  Once the moving party has made an initial showing, the party opposing the motion for summary judgment may not merely rely on his pleadings, but must come forward with competent evidentiary materials that establish a genuine fact issue. *Anderson*, 477 U.S. at 256-257, 106 S.Ct. at 2514; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56 (1986).  Neither conclusory allegations nor hearsay statements are competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the

opponent's claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The court must resolve any factual controversies in favor of the non-moving party. *Richter v. Merchants Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th Cir. 1996). Thus, in reviewing all of the evidence, the court must consider it in a light most favorable to Plaintiff's claims, drawing all factual inferences therefrom and making all credibility determinations related therefrom in his favor. However, summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. at 322, 106 S.Ct. at 2552.

In this case, Plaintiff has failed to respond to Defendant's instant motion. Although Plaintiff's failure to respond does not permit the court to enter a "default" summary judgment, *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988), it does, however, permit the court to accept Defendant's evidence as undisputed. *See id.* (noting that when the non-movant submits no summary judgment response, the factual statements of the movant are properly taken as true); *Haile v. Town of Addison*, 264 F.Supp.2d. 464, 466 (N.D. Tex. 2003). In failing to respond to Defendants' motion Vera Cruz has not only failed to demonstrate the existence of genuine issues of fact, but also has failed to identify contradicting evidence in the record and to articulate the precise manner in which that evidence supports his claims. *See Ragas v. Tennessee Gas Pipeline Co.*, *supra*.

### III. Applicable Law

In order to show that Dr. Holbrook's treatment of his shoulder, arm, and back


violated his federally protected rights Vera Cruz must show that Dr. Holbrook was deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976).[2]  A disagreement of opinion as to the correct medication and/or medical treatment does not constitute an actionable claim for relief pursuant to § 1983, but at most asserts a possible claim for medical malpractice pursuant to state substantive law.  Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *Id.*  "Subjective recklessness" as used in the criminal law is the appropriate test for deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 838-40, 114 S.Ct. 1970, 1980 (1994).

1.  Plaintiff's Elbow Injury

Plaintiff complains that he did not receive proper care for his fractured elbow. Defendant does not dispute that Vera Cruz's elbow was fractured, but asserts that Plaintiff was given proper treatment for his injuries.  In support of his contention, Dr. Holbrook provides the affidavit of Dr. Stephen P. Bowers, M.D., who averred that the proper treatment for an elbow injury like that suffered by the Plaintiff is a sling and pain medication. (Def. Holbrook's Mot. for Summ. J. and Br. in Supp. Exh. 1 at 3). Plaintiff concedes under oath that he has received both a sling and pain medication for his fractured elbow.  (Ans. to Magistrate J.'s Supp. Questionnaire to Pl. filed June 7, 2004 at Question 1).

---

[2] The same standard set out in *Estelle v. Gamble* applies to a pre-trial detainee's claims. *E.g., Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999)(under the Due Process clause of the Fourteenth Amendment, the same standard applies to pre-trial detainees who complain of episodic acts of omissions resulting in the denial of medical care).

2. Plaintiff's Shoulder Injury

Plaintiff alleges that he sustained a fracture of his shoulder.  The record reflects that Vera Cruz received several x-rays, which were negative for a shoulder fracture. (*See* Def. Holbrook's Mot. for Summ. J. and Br. in Supp. Exh. 2 at 3, 4,9, 42; Exh. 3 at 34). In addition, Dr. Bowers stated that the medical record reflects that Plaintiff's injury was actually a strain or sprain, for which the appropriate treatment was pain medication. (*Id.* Exh. 1 at 3). Vera Cruz received this treatment. (*E.g. Id.*; Ans. to Magistrate J.'s Supp. Questionnaire to Pl. filed June 7, 2004 at Question 1).

3. Plaintiff's Back Injury

Plaintiff further alleges that his lower back was injured as a result of his fall.  The medical records disclose that Plaintiff had pre-existing conditions in his lower back which may have been aggravated by the fall.[3] However, the fall itself did not cause the conditions. (*See* Def. Holbrook's Mot. for Summ. J. and Br. in Supp. Exh. 2 at 3,4,7,43, 64; *see also id.* Exh. 1 at 3). In his affidavit Dr. Bowers related that the proper treatment for Plaintiff's back pain consisted of the administration of pain medications and physical therapy, both of which Vera Cruz received. (Ans. to Magistrate J.'s Supp. Questionnaire to Pl. filed June 7, 2004 at Question 1).[4]

Vera Cruz has failed to present evidence from which a reasonable finder of fact could find that the treatment provided by Dr. Holbrook was inconsistent with accepted

---

[3]Plaintiff reported that he had sustained a fall followed by surgery about twenty-two years previously. (Def. Holbrook's Mot. for Summ. J. and Br. in Supp. Exh. 2 at 37).

[4]The medical records reflect Vera Cruz was not doing the physical therapy, range of motion exercises which had been prescribed.(*See* Def. Holbrook's Mot. for Summ. J. and Br. in Supp. Exh. 2 at 57,59, and 64).

medical treatment for the injuries and conditions which he suffered (medical malpractice), let alone the higher burden of proof imposed upon a person seeking relief pursuant to 42 U.S.C. § 1983.[5]  Therefore, Defendant is entitled to summary judgment in his favor, and

It is therefore ordered that Defendant Dr. James Holbrook's motion for summary judgment is granted.

Signed this 11th day of July, 2005.

                                                    Wm. F. Sanderson, Jr.
                                                    United States Magistrate Judge

---

[5] In light of the above disposition of Defendant's motion for summary judgment it is unnecessary to consider his alternate ground asserted under the Eleventh Amendment, assuming that Plaintiff's complaint is construed as a claim against Dr. Holbrook in his official capacity.